UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Index No.: 08 CIV 6153
ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest
to Security Insurance Company of Hartford

                        *Plaintiffs,*

       -*against*-

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation

                      *Defendants.*
------------------------------------------------------------X

**AFFIDAVIT OF PERSONAL SERVICE**

STATE OF NEW YORK       )
                                 ) ss:
COUNTY OF NEW YORK   )

Conor McDonald, the undersigned, being over the age of 18 and not a party to this action and being, duly sworn, deposes and says, as follows:

That on July 24, 2008, I served a true copy of the attached **SUMMONS IN A CIVIL ACTION, COMPLAINT and JURY DEMAND** upon the offices of Gibson & Behman, P.C., at 80 Broad Street, 13th Floor, New York, New York 10004. The aforesaid papers were handed by me to a man who identified himself as Ron Langman. Mr. Langman had a medium complexion, short dark hair, was approximately 30-35 years of age, weighed approximately 150-165 pounds, and was approximately 5'5"-5'8" tall. Mr. Langman acknowledged service by accepting the papers and printing and signing his name on a copy of the Summons included herewith.

                                                             _____
                                                                 Conor McDonald

Sworn to before me this
24th Day of July, 2008

_____
NOTARY PUBLIC
BRIAN CASEY
Notary Public, State Of New York
No.02CA6069297
Qualified In Nassau County
Commission Expires January 28, 20 10

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest
to Security Insurance Company of Hartford,

V.

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CIV 6153

TO: (Name and address of Defendant)

GIBSON & BEHMAN, P.C.
80 Broad Street, 13th Floor
New York, NY 10004

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Leahey & Johnson, P.C.
120 Wall Street, Suite 2200
New York, New York 10005

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_(signature)_

(By) DEPUTY CLERK

DATE: JUL 03 2008

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 7/24/08 |
| NAME OF SERVER (PRINT) Conor McDonald | TITLE Paralegal |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served:
   60 Broad Street, 13th flr New York, NY 10004

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  7/24/08
             Date            Signature of Server

120 Wall St. New York, NY 10007
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest
to Security Insurance Company of Hartford,

V.

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CIV 6153

TO: (Name and address of Defendant)

GIBSON & BEHMAN, P.C.
80 Broad Street, 13th Floor
New York, NY 10004

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Leahey & Johnson, P.C.
120 Wall Street, Suite 2200
New York, New York 10005

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE: JUL 03 2008

AO 440 (Rev. 8/01) Summons in a Civil Action

| | |
|---|---|
| **RETURN OF SERVICE** | |
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date               Signature of Server

                                                    _____
                                                    Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARROWOOD INDEMNITY COMPANY,
a Delaware corporation, as successor in interest to
Security Insurance Company of Hartford,
a foreign corporation,

               Plaintiff,

-against-

GIBSON & BEHMAN, P.C., a Massachusetts
professional corporation,

               Defendants.
------------------------------------------------------------X

Case No.

**COMPLAINT AND
JURY DEMAND**

Plaintiff, by their attorneys, LEAHEY & JOHNSON, P.C., complaining of the Defendants herein, alleges the following upon information and belief:

## THE PARTIES

1. Plaintiff ARROWOOD INDEMNITY COMPANY is a corporation registered in the State of Delaware, and the successor in interest to Security Insurance Company of Hartford, a foreign corporation (herein "Royal"). Royal bases its operations in Charlotte, North Carolina. At all times relevant hereto, Royal was an insurance company providing, *inter alia*, primary liability insurance to companies for injuries to persons.

2. Defendant GIBSON & BEHMAN, P.C. is a professional corporation registered in the Commonwealth of Massachusetts (herein "Gibson & Behman"), which does business as a law firm. Gibson & Behman has offices in multiple cities across the United States. However, the

facts of this Complaint relate to Gibson & Behman's attorneys located at its offices in New York, New York.

3. At all times relevant hereto, attorney Mark S. Grodberg (herein "Grodberg") was an employee, shareholder, partner and/or agent of Gibson & Behman practicing law out of the Gibson & Behman offices located in New York, New York.

## JURISDICTION AND VENUE

4. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Delaware and Defendant is a citizen of the Commonwealth of Massachusetts (with principal offices in the State of New York for the purposes of this case).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

6. Venue is proper in the Southern District of New York, because at least one Defendant, Gibson & Behman, conducts business and for the purposes of this case, resides in this judicial district. 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

7. On or about June 21, 2003, Eun Joo Kim (herein "Kim"), a 62-year-old Korean woman, slipped and fell at the Saigon Gourmet Restaurant located in New York City. Kim was walking to the bathroom when she slipped and fell on a wet floor. It had been raining that day and she claimed she slipped on water left on the floor by other patrons' umbrellas.

8. As a result of the accident, Kim was transported to the hospital and diagnosed with a hip fracture. Kim underwent an open reduction and internal fixation surgery with implantation of several screws. Kim returned to Korea (her place of residence) and underwent a total hip replacement. Following the surgical course, her right leg was at least 1 cm shorter than

2

her left and she continued to have problems with her gait which required her to use a cane to walk.

9. On September 12, 2003, Kim filed a suit for premises liability in the New York County Supreme Court, in the State of New York, captioned *Eun Joo Kim and Joon Sang Ryu v. Saigon Gourmet Restaurant, Inc., d/b/a Saigon Grill* (herein the "Saigon Grill Litigation"). Kim sought $25,000,000 for Kim's injuries and $5,000,000 for her husband's loss of services and consortium claim.

10. On or about September 24, 2003, the defendants were served in the Saigon Grill Litigation.

11. Royal covered/insured the defendants in the Saigon Grill Litigation pursuant to a policy of insurance for premises liability.

12. Upon notice of the Saigon Grill Litigation, Royal retained Gibson & Behman to represent and defend its own interests and the interests of its insureds. On or about June, 2005, attorney Grodberg at Gibson & Behman assumed the handling of the Saigon Grill Litigation as lead counsel.

13. The Saigon Grill Litigation was defensible or could have been postured for a reasonable settlement. Pursuant to New York law, to establish a *prima facie* case for negligence in a slip and fall case, a plaintiff must demonstrate that a defendant created the condition that caused the accident or that the defendant had actual or constructive notice of the condition. To constitute constructive notice, a defect must be visible and apparent for a sufficient time prior to the accident to permit a defendant's employee to discover and remedy it.

14. The underlying facts in the Saigon Litigation demonstrate that Saigon lacked the necessary actual or constructive knowledge of the presence of the water problem on the

3

restaurant premises, which, if pled and proven at trial, would have acted to bar Kim's claim in the underlying case.

15. On or about June 2005, Grodberg was informed by plaintiff's counsel that his firm and Saigon had failed to comply with several court orders directing compliance with outstanding discovery. Grodberg advised plaintiff's counsel that he would review the file and respond accordingly.

16. On or about September 9, 2005, a status conference was held. As of that date, Gibson & Behman, on behalf of Saigon, had still not complied with the court's prior discovery orders. The court again issued an order directing that Saigon comply with the outstanding discovery requests, and stating that it would possibly exercise its discretion to preclude or strike Saigon's Answer upon further noncompliance.

17. On or about November 16, 2005, the court struck Saigon's Answer as a discovery sanction for Grodberg and Gibson & Behman's failure to comply with the court's prior discovery orders.

18. On or about January 16, 2006, the court reinstated Saigon's Answer but *sua sponte* resolved the issue of liability against Saigon and barred Saigon from raising comparative negligence as an affirmative defense as a sanction for its failure to comply with repeated discovery orders. In connection with its order of that date, the court the court stated that:

> "As early as January 23, 2004, defendant promptly, though incompletely, responded to plaintiffs' demand for documentary discovery and inspection. It failed to state that there were no maintenance contracts, and belatedly produced an affidavit from someone with knowledge of the restaurant's records. Though plaintiffs have not established prejudice by defendants' late disclosure of these records as well as its insurance policies, they are clearly prejudiced by the absence of testimonial evidence. While defendant states that plaintiff's deposition was completed on May 24, 2004, six months before plaintiffs filed their note of issue, defendant offers absolutely no explanation why in contravention of at

  least three explicit court orders, the most recent of which is dated September 9, 2005, it produced not one of its employees for an examination before trial."

19.  The trial in the Saigon Grill Litigation was scheduled for April 26, 2006.

20.  Because Grodberg and Gibson & Behman failed to comply with the court orders regarding discovery production, Royal was placed in an untenable trial position because the insured was barred from asserting its principal defense at trial regarding Saigon's lack of actual or constructive knowledge of the presence of the water problem on the restaurant premises.

21.  As a result of the sanctions entered by the court against Saigon, there was no opportunity to develop a liability defense. Following the court's sanction of Saigon, Kim's burden was much less substantial as she did not have to prove that Saigon was liable for her injuries; she only had to prove the extent of her damages.

22.  On or about April 26, 2006, Royal, on behalf of its insureds, was forced to settle the Saigon Grill Litigation for $1.1 million, plus costs and expenses.

23.  Grodberg and Gibson & Behman owed a duty to Royal and its insureds to exercise that degree of care, skill and diligence commonly possessed by a member of the New York legal community in relation to its retention in the Saigon Grill Litigation.

24.  Grodberg and Gibson & Behman breached their respective duties to Royal and its insureds by failing to comply with all of the trial court's discovery orders.

25.  Grodberg and Gibson & Behman's errors and omissions were the proximate cause of (1) the trial court entering an order on November 16, 2005 (striking Saigon's Answer) and January 16, 2006 (barring Saigon's principal legal defense as a discovery sanction) and (2) Royal being forced to settle the case for $1.1 million.

26. As a result of the foregoing, the Plaintiff sustained actual damages within the range of $375,000 to $1.1 million, plus costs and expenses.

27. But for Grodberg and Gibson & Behman's failure to exercise due care, Saigon would have had a liability defense which would have made it successful in defending the Saigon Grill Litigation.

### DEMAND FOR JURY TRIAL

28. Plaintiff demands a trial by jury of this action.

**WHEREFORE**, Plaintiff ARROWOOD INDEMNITY COMPANY, a Delaware corporation, as successor in interest to Security Insurance Company of Hartford, a foreign corporation, respectfully asks this court to enter judgment in its favor and against the Defendant, GIBSON & BEHMAN, P.C., a Massachusetts professional corporation, within the range of $375,000 to $1.1 million or any other amount of damages demonstrated by the evidence, plus costs, and for such other and further relief as this Court deems just and equitable.

Dated: New York, New York
       July 2, 2008

                          Yours, etc.,

                          LEAHEY & JOHNSON, P.C.
                          Attorneys for Plaintiff(s)
                          ARROWOOD INDEMNITY COMPANY, a
                          Delaware corporation, as successor in interest to
                          Security Insurance Company of Hartford, a foreign
                          corporation
                          120 Wall Street, Suite 2220
                          New York, New York 10005
                          (212) 269-7308

                          BY: _____
                              Peter J. Johnson, Jr., Esq. (5589)
                              pjohnsonjr@leaheyandjohnson.com