*F6832*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ARROWOOD INDEMNITY COMPANY,                    Index No.: 08-CV-6153 (SHS)(RLE)
a Delaware Corporation, as successor in interest
to Security Insurance Company of Hartford,
a foreign corporation,

                              Plaintiff,

          -against-

GIBSON & BEHMAN, P.C.,
a Massachusetts professional Corporation

                              Defendant.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW

### Introduction

Plaintiff, ARROWOOD INDEMNITY COMPANY (hereinafter "Arrowood"), as

successor in interest to Security Insurance Company of Hartford (hereinafter "Royal"), brings

this action against defendant GIBSON & BEHMAN, P.C. (hereinafter "Gibson"), a

Massachusetts law firm with offices in New York, alleging legal malpractice. Defendant Gibson

now moves for an Order pursuant to Fed.R.Civ. P. 12(b)(6) dismissing plaintiff's Complaint in

its entirety, for failing to state a claim upon which relief can be granted.

### Facts

For the purposes of this motion, defendant accepts as true the factual allegations in the

Complaint. Defendant Gibson was retained by Royal to represent and defend Royal's insured,

Saigon Gourmet Restaurant, Inc. (hereinafter "Saigon Gourmet") in a personal injury action

captioned Eun Joo Kim and Joon Sang Ryu v. Saigon Gourmet Restaurant, Inc., d/b/a Saigon

<u>Grill</u> in Supreme Court New York County (hereinafter the "Saigon Grill Litigation").[1] (<u>See</u> August 12, 2008 Affirmation of Barry Jacobs (hereinafter "Jacobs Aff.") Ex. A, ¶¶ 9; 11-12). Plaintiff alleges that Mark S. Grodberg, Esq.(hereinafter "Grodberg")[2], who was at all relevant times an attorney with defendant Gibson, failed to comply with discovery demands and orders in the Saigon Grill Litigation. (<u>See</u> Jacobs Aff. Ex. A, ¶¶ 15-16). Plaintiff alleges that Saigon Gourmet's Answer was struck as a result of Grodberg's failure to comply with discovery requests and order. (<u>See</u> Jacobs Aff. Ex. A, ¶ 17). Although the court eventually reinstated Saigon Gourmet's Answer, the court *sua sponte* held that Saigon Gourmet was liable and barred Saigon Gourmet from raising comparative negligence as an affirmative defense. (<u>See</u> Jacobs Aff. Ex. A, ¶ 18). Plaintiff claims that as a result of Grodberg's failure to comply with court orders, Royal was forced to settle the Saigon Grill Litigation. (<u>See</u> Jacobs Aff. Ex. A, ¶¶ 20-22).

<u>Legal Standard</u>

"As a general rule, a court deciding a . . . . 12(b)(6) motion accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the plaintiffs' favor." <u>In re Parmalat Securities Litigation</u>, 477 F.Supp.2d 602, 607 (S.D.N.Y. 2007) (<u>citing</u> <u>Pennell v. City of San Jose,</u> 485 U.S. 1, 7, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988), <u>Flores v. S. Peru Copper Corp.,</u> 414 F.3d 233, 237 (2d Cir.2003), <u>Levy v. Southbrook Int'l Invs., Ltd.,</u> 263 F.3d 10, 14 (2d Cir.2001)). A court should not dismiss and action "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Cohen v. Koenig</u>, 25 F.3d 1168, 1172 (2d Cir.1994) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

To prevail on a legal malpractice claim, the plaintiff must demonstrate that there is

---

[1] Defendant Gibson was retained by RCA Insurance, who, at the time, acted as the Third-Party Administrator to Royal.
[2] Mark S. Grodberg, Esq. is not a party to this litigation.

"privity between such professional and the party supposedly aggrieved." D'Amico v. First Union National Bank, 285 A.D.2d 166, 172, 728 N.Y.S.2d 146 (1st Dept. 2001) (citing Prudential Ins. Co. v. Dewey, Ballantine, Bushby, Palmer & Wood, 80 N.Y.2d 377, 382, 590 N.Y.S.2d 831 (1992), State of California Pub. Employees' Retirement Sys. v. Shearman & Sterling, 269 A.D.2d 221, 222, 703 N.Y.S.2d 448 (1st Dept. 2000), affd. 95 N.Y.2d 427, 718 N.Y.S.2d 256 (2000)). "New York courts impose a strict privity requirement to claims of legal malpractice; an attorney is not liable to a third party for negligence in performing services on behalf of his client." Lavanant v. General Accident Ins. Co. of America, 164 A.D.2d 73, 561 N.Y.S.2d 164 (1st Dept. 1990) (citing Harder v. McGinn, 89 A.D.2d 732, 733, 454 N.Y.S.2d 42 (3d Dept. 1982), affd. 58 N.Y.2d 663, 458 N.Y.S.2d 542 (1982), National Westminster Bank USA v. Weksel, 124 A.D.2d 144, 146-147, 511 N.Y.S.2d 626 (1st Dept. 1987), lv. den. 70 N.Y.2d 604, 519 N.Y.S.2d 1027 (1987)). Absent an attorney-client relationship, a cause of action for legal malpractice cannot be stated. See Federal Ins. Co. v. North American Specialty Insurance Co., 47 A.D.3d 52, 59, 847 N.Y.S.2d 7 (1st Dept. 2007) (citing Baystone Equities, Inc. v. Handel-Harbour, 27 A.D.3d 231, 809 N.Y.S.2d 904 (1st Dept. 2006), Linden v. Moskowitz, 294 A.D.2d 114, 115, 743 N.Y.S.2d 65 (1st Dept. 2002), lv. denied 99 N.Y.2d 505, 755 N.Y.S.2d 712 (2003)). In the case at bar, plaintiff is a third-party to the relationship between defendant Gibson and Saigon Gourmet. As will be discussed below, it is clear from the face of the Complaint that plaintiff does not meet the strict privity requirements necessary to maintain an action for legal malpractice, and thus, plaintiff does not have standing to bring this litigation. Accordingly, defendant Gibson is entitled to an Order dismissing plaintiff's Complaint in its entirety.

<u>Assigned Counsel's Owes a Duty to the Insured, Not the Insurer</u>

In the instant matter, defendant Gibson's duty in the Saigon Grill Litigation ran only to its client, Saigon Gourmet, and not to any third party. See Federal Ins. Co. v. North American Specialty Insurance Co., 47 A.D.3d 52, 59, 847 N.Y.S.2d 7 (1st Dept. 2007). In the insurance context, "[w]hen counsel is assigned to defend an insured, 'the paramount interest independent counsel represents is that of the insured, not the insurer.'" Id. (citing Feliberty v. Damon, 72 N.Y.2d 112, 120, 531 N.Y.S.2d 778 (1988)); see also Nouveau Elevator Industries, Inc. v. Continental Cas. Ins. Co., 2006 WL 1720429, *7 (E.D.N.Y. 2006) ("[U]nder New York law, an attorney retained by an insurance company to defend an insured has an attorney-client relationship with the insured.") There are strong policy considerations behind prohibiting legal malpractice claims by non-clients:

> An attorney's paramount duty is to protect zealously the interests of his or her client, and if that duty is breached and the breach proximately causes injury, the attorney may be subject to a malpractice claim, but only by his or her client. While, concededly, third parties may be interested in the actions by another's attorney and even benefit therefrom, that circumstance does not give rise to a duty on the part of the attorney to the third party. Were it otherwise, the attorney would be faced with the constant burden of weighing all the competing interests attendant upon such diverse obligations to the potential detriment of his or her client, to whom he owes undivided fidelity.

Id. at 60.

There are two theories upon which an insurer may be able to recover from a law firm who was representing an insured in a claim for legal malpractice. The first is pursuant to a theory of "near privity" and the second is pursuant to a theory of equitable subrogation.

### Plaintiff is not in Near Privity with Defendant

An attorney or law firm can face liability for legal malpractice claims if the plaintiff insurance company can demonstrate that it was in "near privity" with the defendant. The concept

4

of "near privity" in the professional negligence context can be defined as a case where "the professional must be aware that its services will be used for a specific purpose, the plaintiff must rely upon those services, and the professional must engage in some conduct evincing some understanding of the plaintiff's reliance." Allianz Underwriters Insurance Co. v. Landmark Insurance Co., 13 A.D.3d 172, 175, 787 N.Y.S.2d 15 (1st Dept. 2004). "A relationship of near privity may . . . . be sufficient to sustain a legal malpractice claim." Federal Ins. Co. v. North American Specialty Insurance Co., 47 A.D.3d 52, 60, 847 N.Y.S.2d 7 (1st Dept. 2007) (citing Allianz Underwriters Insurance Co. v. Landmark Insurance Co., 13 A.D.3d 172, 175, 787 N.Y.S.2d 15 (1st Dept. 2004)). However, near privity can only apply in cases where the plaintiff alleges negligent misrepresentation. Id.

The New York Court of Appeals has examined the question of "near privity" as it applies to a law firm on one occasion. In Prudential Insurance Co. of America v. Dewey, Ballantine, Bushby, Palmer & Wood, 80 N.Y.2d 377, 590 N.Y.S.2d 831 (1992), the court analyzed "near privity" as it relates to a professional malpractice action against a law firm. In that case, a law firm had, at the request of its client, issued an opinion letter in regards to the restructuring of a debt to plaintiff. Prudential Insurance Co. of America, 80 N.Y.2d at 380. The letter pertained to the recording of various mortgage documents, which had been prepared by a different law firm. Id. However, one of the documents prepared in connection with the mortgage misstated the secured amount, undervaluing it by approximately $92 million, and resulting in substantial losses for plaintiff. Id. Plaintiff sued the law firm retained to issue the opinion letter sounding in negligence. Id. at 381. Plaintiff acknowledged that it was not in privity with the law firm, but argued that it was in "near privity." Id.

The Court analyzed the facts of this case in relation to the substantial caselaw exploring liability in cases where there is no direct privity. Id. at 382-385. This analysis was grounded in theories of contract. The Court compared situations where a third-party professional's opinion induced action on the part of another party not in privity. Id. at 383. In these situations, "near privity" was found. Id. In contrast, in cases "where there were no direct dealings between the plaintiffs and defendants, no specific agreement by the defendants to prepare the report for the plaintiffs' use or according to the plaintiffs' requirements, no specific promise to provide the plaintiffs with a copy of the report, and no actual provision of the report to the plaintiffs by the defendants," there would be no privity and no basis for liability. Id at 383-384.

The Court summarized this analysis by stating a three part rule for "near privity":

> (1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing an understanding of that reliance.

Id. at 384 (citing Credit Alliance Corp. v. Arthur Anderson & Co., 65 N.Y.2d 536, 551, 493 N.Y.S.2d 435 (1985). The Court found that because the law firm was well aware that the opinion letter was prepared so that plaintiff might decide whether or not to agree to a debt restructuring and that plaintiff would rely on the letter, they were in "near privity." Id. at 385. Having found that plaintiff and defendant were in privity of contract, the court concluded that defendant owed a duty to plaintiff. Id. The court then went on to analyze whether plaintiff breached that duty. Id. The court found that because defendant only provided general assurances in the opinion letter and never specified a dollar amount of the debt, and that, in turn, plaintiff accepted the general assurances, defendant did not breach its duty to plaintiff. Id. at 386-387.

In the case at bar, it is clear from plaintiff's Complaint that plaintiff cannot prove any of the elements of near privity. Plaintiff retained defendant to defend Saigon Gourmet. However, there was never any understanding that the advice and counsel of defendant would be conducted for any other purpose than the representation of Saigon Gourmet in Saigon Grill Litigation. Moreover, there are no allegations that plaintiff relied on any advice or counsel rendered in regards to the Saigon Grill Litigation. Furthermore, there is no action by defendant that would link it to plaintiff or evince an understanding that plaintiff was relying on defendant. Finally, plaintiff has failed to allege any sort of negligent misrepresentation, which is required for near privity to apply. See Federal Ins. Co., 47 A.D.3d at 60. In sum, plaintiff's Complaint "is a plain legal malpractice pleading based on [Gibson]'s alleged breach of duty to [Saigon Gourmet] but asserted instead, improperly, by [plaintiff]." Id. at 62. Accordingly, plaintiff's Complaint should be dismissed, as it has failed to state a claim for legal malpractice against defendant upon which relief can be granted.

### Plaintiff is not the Equitable Subrogee of Saigon Gourmet

Equitable subrogation "'is the principle by which an insurer, having paid losses of its insured, is placed in the position of its insured so that it may recover from the third party legally responsible for the loss.'" Kumar v. American Transit Ins. Co., 49 A.D.3d 1353, 854 N.Y.S.2d 274 (4th Dept. 2008) (citing Winkelmann v. Excelsior Ins. Co., 85 N.Y.S 577, 581, 626 N.Y.s.2d 994, 650 N.E.2d 841). "Subrogation is 'an equitable doctrine [that] entitles an insurer to 'stand in the shoes' of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse.'" Federal Ins. Co. v. North American Specialty Insurance Co., 47 A.D.3d 52, 62, 847 N.Y.S.2d 7 (1st Dept. 2007)

(quoting North Star Reins. Corp. v. Continental Ins. Co., 82 N.Y.2d 281, 294, 604 N.Y.S.2d 510, 624 N.E.2d 647 (1993)).

However, plaintiff's Complaint has failed to establish that its subrogor, Saigon Gourmet, sustained any ascertainable damages. On the facts presented, plaintiff has no claim in subrogation. Saigon Gourmet has not sustained any loss in the Saigon Grill Litigation because of the wrongdoing by any party for the recovery of which plaintiff can be subrogated. Saigon Grill had a contract of insurance with plaintiff, and paid premiums in order to be protected in the event it became subject to liability. Plaintiff paid a claim pursuant to this contract of insurance. There is no indication that the amount paid to the plaintiffs in the Saigon Grill Litigation was unreasonable or that any of the settlement proceeds were paid directly by Saigon Grill. Thus, Saigon Grill was in no way damaged. As is obvious, the only loss for which plaintiff seeks to recover is its own loss. Therefore, equitable subrogation is impossible under these facts.

Moreover, the New York Court of Appeals has held that an insurer cannot be held vicariously liable for the malpractice of the attorney it hires to represent its insured. See Feliberty v. Damon, 72 N.Y.2d 112, 117-120, 531 N.Y.S.2d 778 (1988). Accordingly, the insurer is not bound to pay a loss based on a third-party's wrong doing, i.e., the alleged malpractice committed by its retained lawyers. Since the insurer has not been bound to pay a loss by virtue of the attorney's negligence, it follows that they should not be permitted to subrogate against those attorneys. Therefore, plaintiff's Complaint should be dismissed, as it has failed to state a claim for legal malpractice against defendant upon which relief can be granted.

## Conclusion

For the foregoing reasons, defendant Gibson respectfully requests that its motion for an Order pursuant to Fed.R.Civ. P. 12(b)(6) dismissing plaintiff's Complaint for failure to state a

claim, be granted in its entirety, and for such other and further relief as the Court deems justified

under the circumstances.

Dated: New York, New York
       August 12, 2008

                                        ABRAMS, GORELICK, FRIEDMAN &
                                        JACOBSON, P.C.
                                        Attorneys for Defendant,
                                        GIBSON & BEHMAN, P.C.

                                        By: _____
                                             Barry Jacobs (BJ – 0216)
                                        One Battery Park Plaza – Fourth Floor
                                        New York, New York  10004
                                        (212) 422-1200

TO:    Peter J. Johnson, Esq. (PJJ-5589)
       LEAHEY & JOHNSON, P.C.
       Attorneys for Plaintiff
       ARROWOOD INDEMNITY COMPANY,
       a Delaware Corporation, as successor in interest
       to Security Insurance Company of Hartford,
       a foreign Corporation
       120 Wall Street
       Suite 2200
       New York, New York 10005
       (212) 269-7308
       pjohnsonjr@leaheyandjohnson.com